UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH LAIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PLEASANTON UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 20-cv-02350-LB <br><br> **ORDER GRANTING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM** <br><br> Re: ECF No. 2 |

## INTRODUCTION

In this case, Joseph Lain, individually and on behalf of his disabled minor daughter, A.L., sued the Pleasanton Unified School District, the Contra Costa County Office of Education, and related individual defendants for retaliating against him for exercising his due-process rights to advocate for his daughter and for denying A.L. access to education, in violation of 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and California Education Code § 56046.[1] Mr. Lain moved ex parte for an order appointing him as guardian ad litem for A.L.[2] The court grants the motion.

---

[1] Compl. – ECF No. 1.

[2] Pet. for Appointment of Guardian Ad Litem – ECF No. 2.

ORDER – No. 20-cv-02350-LB

## ANALYSIS

**1. Governing Law**

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may bring suit as long as a guardian conducts the proceedings and the court may appoint a guardian ad litem to protect the minor's interests in the litigation. Cal. Fam. Code § 6601; Cal. Civ. Proc. Code § 372(a); *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 46–47 (2007).

The court "has broad discretion in ruling on a guardian ad litem application." *Williams*, 147 Cal. App. 4th at 47. In the case of parent representatives, "'[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Id.* at 49 (quoting *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). Thus, "if the parent has an actual or potential conflict of interest with his [or her] child, the parent has no right to control or influence the child's litigation." *Id.* at 50. If, on the other hand, "a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (citing cases). "'In the absence of a conflict of interest, the appointment is usually made on application only and involves little exercise of discretion.'" *Williams*, 147 Cal. App. 4th at 47 (internal ellipsis omitted) (quoting *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994)).

**2. Application**

A.L. is under eighteen years old and therefore is a minor under California law. Her ability to sue is contingent on the appointment of a guardian ad litem. A parent may serve as guardian ad litem if the parent does not have an adverse interest.

The plaintiffs ask to appoint A.L.'s father as her guardian ad litem. The court finds no conflicts in their claim and grants the motion. *See J.M.*, 2016 WL 4942999, at *2 ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest.") (quoting *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)).

## CONCLUSION

The court grants the motion and appoints Joseph Lain as guardian ad litem for A.L.

**IT IS SO ORDERED.**

Dated: April 9, 2020

_____
LAUREL BEELER
United States Magistrate Judge